**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Laura DeLancy,**
*Administrator of the Estate of B.D.*,

      **Plaintiff,**

      **v.**

**Memorial Health System,** *et al.*,

      **Defendants.**

**Case No. 2:26-cv-101**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## OPINION AND ORDER

This is a medical malpractice case that was removed to this Court from the Court of Common Pleas in Washington County, Ohio. ECF No. 1. In January 2026, the Government was substituted as a Defendant by operation of law, *see* 42 U.S.C. § 233, for original Defendants Hopewell Health Centers Inc. and Dr. Patrick G. Swanson. ECF No. 2. The Government subsequently moved to dismiss this case, asserting that Laura DeLancy ("Plaintiff") failed to exhaust her administrative remedies. ECF No. 5.

Plaintiff now moves to voluntarily dismiss the Government as a Defendant, pursuant to Federal Rule of Civil Procedure 21. ECF No. 10. The remaining Defendants (i.e., those for whom the Government did not substitute) do not oppose Plaintiff's dismissal request and further agree that, without the Government as a party, there is not a valid basis for this Court's subject-matter

jurisdiction, such that the case should be remanded to state court. *Id.* at PAGEID ## 131–32.

The Court begins with Plaintiff's request for dismissal under Rule 21, which permits the Court to, "[o]n motion or on its own, . . . at any time, on just terms, add or drop a party. . . [or] sever any claim against a party."  Fed. R. Civ. P. 21. Simply put, Rule 21 applies when a plaintiff seeks to dismiss less than an entire case. *Fekieh v. Allstate Fire & Cas. Ins. Co.*, No. 1:20-CV-1989, 2021 WL 2400949, at *2 (N.D. Ohio June 11, 2021).  "[W]hen evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Murray Energy Corp. v. Cassidy, Cogan, Chappel, & Voegelin, L.C.*, No. 2:18-CV-440, 2020 WL 4201666, at *1 (S.D. Ohio July 22, 2020) (citation omitted).  And, when considering prejudice pursuant to dismissal under Rule 41, "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

Upon review, the Court finds Plaintiff's motion to be well taken.  The Court concludes that the Government will not be prejudiced by its dismissal, particularly given the pendency of the Government's own dismissal request. *See* ECF No. 5. Nor do the remaining Defendants oppose Plaintiff's dismissal request, which

Case No. 2:26-cv-101                                                      Page 2 of 4

negates any prejudice.  Finally, this case is in its early stages, there is no delay or lack of diligence on Plaintiff's part, and Plaintiff has provided a sufficient explanation for the dismissal—the need to exhaust her administrative remedies. Plaintiff's motion is proper under Rule 21, and the Court **GRANTS** the same. Accordingly, Plaintiff's claims against the Government are **DISMISSED WITHOUT PREJUDICE**.

The Court turns to the remaining parties' request for remand.  28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  The party seeking removal "has the burden to establish federal subject-matter jurisdiction." *Tennial v. Bank of Am., N.A.*, No. 17-6377, 2020 WL 2530872, at *1 (6th Cir. 2020) (citation omitted).  Any "doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Michigan v. AmeriGas Partners, LP.*, 954 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citations omitted).

Without the Government as a party, Plaintiff and several remaining Defendants are citizens of the same state (Ohio), so there is not complete diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.  *See* Compl., ECF No. 4-1.  Nor do any of Plaintiff's claims against the remaining Defendants arise under federal law for purposes of federal-question jurisdiction under 28 U.S.C. § 1331.  *See id.*  Instead, the only claims left in this case are state-law claims, and the Court is mindful that the remaining parties support remand.

Therefore, the Court **GRANTS** the motion, ECF No. 10, and **REMANDS**

this case to the Court of Common Pleas in Washington County, Ohio.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**